NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAGOBERTO HERNANDEZ BAEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72008

Agency No. A096-061-916

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Dagoberto Hernandez Baez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his fourth motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hernandez Baez's motion to reopen as untimely, where it was filed over 12 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Hernandez Baez has not established changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We reject as unsupported by the record Hernandez Baez's contention that the BIA abused its discretion by failing to consider all of the evidence Hernandez Baez submitted. *See Najmabadi*, 597 F.3d at 990 (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

Finally, we lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions

for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**